851 F.2d 1502
 271 U.S.App.D.C. 275
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Haywood WILLIAMS, Jr., Appellant,
v.
U.S. DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION, et al.
 No. 85-6154.
 United States Court of Appeals, District of Columbia Circuit.
 May 18, 1988.
 
 Before MIKVA, D.H. GINSBURG and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from an order of the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED by the court that the judgment of the district court be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Pro Se appellant, Haywood Williams, has appealed the order of the district court granting summary judgment to defendants. We affirm.
 
 
 5
 The Freedom of Information Act ("FOIA") mandates public disclosure of all government records. See CIA v. Sims, 471 U.S. 159, 166-7 (1985). Under FOIA, records may be withheld from disclosure if they contain matters within the scope of FOIA's nine statutory exemptions. 5 U.S.C. Sec. 552(b)(1)-(9). When an agency invokes one of these exemptions in refusing to disclose requested information, the burden is on the agency to prove the availability of the exemption. Shaw v. FBI, 749 F.2d 58, 61 (D.C.Cir.1984). In this case, defendants invoked exemptions 2, 3, 5, 7(C), 7(D), 7(E), and 7(F).
 
 
 6
 Exemption (b)(2) is intended to exempt from disclosure those matters which relate solely to the internal rules and practices of an agency. In this case, the DEA has invoked this exemption to protect Narcotic and Dangerous Drug Information System numbers (NADDIS), Geographical Drug Enforcement Program (G-DEP) codes, and informant identifier codes. NADDIS numbers are assigned to drug violators and suspects known to the Drug Enforcement Administration ("DEA"). G-DEP codes are utilized to classify the violator, the type and amount of drugs, and the suspected location of criminal activity.
 
 
 7
 Exemption (b)(2) protects from disclosure "matter[s] of internal significance in which the public has no substantial interest." Lesar v. United States Department of Justice, 636 F.2d 472, 485-86 (D.C.Cir.1980). These DEA codes relate to internal DEA classification practices, and they are properly exempted pursuant to 5 U.S.C. Sec. 552(b)(2).
 
 
 8
 Exemption (b)(3) allows the withholding of information prohibited from disclosure by statute. The Executive Office for United States Attorneys ("EOUSA") invoked this exemption to protect transcripts from the grand jury investigation that led to appellant's indictment. Fed.R.Crim.P. 6(e)(2) requires that matters occurring before the grand jury be kept secret, and that rule satisfies the "statute" requirement of exemption (b)(3). Fund for Constitutional Government v. National Archives & Records Service, 656 F.2d 856, 868 (D.C.Cir.1981). Accordingly, EOUSA has properly invoked exemption (b)(3) to withhold grand jury records.
 
 
 9
 Exemption (b)(5) protects information that "would not be available by law to a party other than an agency in litigation with the agency." Information protected from release pursuant to well-established privileges is covered by this exemption. See Coastal States Gas Corp. v. Department of Energy, 617 F.2d 854, 861 (D.C.Cir.1980). The DEA has utilized exemption (b)(5) to protect documents that contained opinions and recommendations of federal agents regarding criminal investigations. The statements withheld pertain to the investigation of appellant, including the arrest of other defendants and suspects as well as prosecutorial and investigative strategies. Defendant contends that these documents fall within the deliberative process privilege.
 
 
 10
 The deliberative process privilege protects predecisional documents that reflect the give-and-take of the consultative process. Id. at 866. Exemption (b)(5) therefore covers "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." Id. Since the withheld documents contained the opinions, recommendations and strategies of federal agents regarding criminal investigations, the DEA properly invoked exemption (b)(5) to protect their disclosure.
 
 
 11
 Exemption 7 applies to documents compiled for law enforcement purposes. To establish that a document falls within this exemption, the agency must first show that (1) the investigatory activities of the agency which gave rise to the documents sought are related to the enforcement of federal laws; and (2) the nexus between the investigation and one of the agency's law enforcement duties is based on information sufficient to support at least a "colorable claim" of its rationality. Pratt v. Webster, 673 F.2d 408, 421 (D.C.Cir.1982). The material requested by plaintiff consists of the DEA investigative file and prosecutor's file compiled during grand jury investigation and trial, as well as files of the United States Marshals Service ("USMS") relating to protected witnesses. These files are related to the enforcement of federal laws, and there is a sufficient nexus between the agencies' investigations and their law enforcement duties.
 
 
 12
 Exemption (b)(7)(C) prevents the disclosure of investigatory records compiled for law enforcement purposes to the extent that the production of such records would constitute an unwarranted invasion of personal privacy. The DEA and EOUSA have asserted this exemption to protect from disclosure names, addresses and identifying information of persons implicated, involved or associated with plaintiff. The USMS withheld records on Witness Protection Program participants.
 
 
 13
 Individuals who may have at one time been of investigatory interest to a law enforcement agency fall within this exemption. Fund for Constitutional Government v. National Archives, 656 F.2d 856, 862-63 (D.C.Cir.1981). Third parties whose names appear in investigatory files also have the protection of exemption (b)(7)(C). Lesar v. United States Department of Justice, 636 F.2d 472, 487 (D.C.Cir.1980). "[C]ourts have uniformly held that Sec. 552(b)(7)(C) authorized the Government's nondisclosure of the names, addresses, telephone numbers and other personal data pertaining to individuals mentioned in law enforcement records." Nunez v. Drug Enforcement Administration, 497 F.Supp; 209, 212 (S.D.N.Y.1980). See also Lesar v. United States Department of Justice, 636 F.2d at 487-88. The agency must weigh the invasion of privacy against the asserted public interest which is claimed to warrant disclosure. Id. at 488. "In this weighing process, ... it is the interest of the general public and not that of the private litigant that must be considered." Brown v. FBI, 658 F.2d 72, 75 (2d Cir.1981).
 
 
 14
 Appellant contends, for the first time on appeal, that defendants are trying to protect individuals who testified against him at trial, and who therefore waived any right to confidentiality. In addition, appellant asserts that he has demonstrated his need for the requested materials. A court of appeals will not address contentions raised for the first time on appeal absent exceptional circumstances. Singleton v. Wulff, 428 U.S. 106, 120 (1976). No exceptional circumstances are present in this case. Appellant has demonstrated no public interest that would outweigh the significant privacy interests of third parties. Since the assertion of exemption (b)(7)(C) prevents unwarranted intrusion upon the privacy of individuals mentioned in DEA, EOUSA and USMS files, and no countervailing public interest in disclosure has been shown, the information was properly withheld.
 
 
 15
 Exemption (b)(7)(D) protects from disclosure the identity of a confidential source and all information furnished by that source in the course of a criminal law enforcement investigation. This exemption has been invoked by defendants to protect from disclosure the identity of individuals who agreed to cooperate with efforts to investigate and prosecute federal crimes, as well as those individuals who agreed to cooperate with the United States Parole Commission and were admitted into the Witness Protection Program. The information furnished by these confidential sources was also withheld pursuant to exemption (b)(7)(D).
 
 
 16
 Exemption (b)(7)(D) applies to information supplied in confidence or in trust, even if the information may have reached the public domain by other means. Lesar v. United States Department of Justice, 636 F.2d at 491-92; Radowich v. U.S. Atty., Dist. of Maryland, 658 F.2d 957, 960 (4th Cir.1981). Law enforcement agencies are entitled to protect confidential sources and the information they furnish from compelled disclosure under FOIA; therefore, this information was properly withheld pursuant to exemption (b)(7)(D).
 
 
 17
 Exemption (b)(7)(E) permits withholding investigatory records reflecting special techniques or procedures of investigation. The DEA has cited this exemption to withhold information it believes will compromise investigative techniques, and potentially frustrate law enforcement methods and investigations. If the special techniques or procedures of investigation are "generally unknown to the public," exemption (b)(7)(E) prevents their disclosure. Malloy v. Department of Justice, 457 F.Supp. 543, 545 (D.D.C.1978). Since the agency states that only longstanding, successfully proven enforcement techniques and procedures not commonly known to the public were withheld, the DEA properly invoked exemption (b)(7)(E).
 
 
 18
 Exemption (b)(7)(F) allows an agency to withhold investigatory records where production would endanger the life or physical safety of individuals. This exemption was asserted to protect from disclosure the names of DEA special agents and local law enforcement officers. Withholding of these names from the material released to appellant was a proper application of exemption (b)(7)(F). Docal v. Bennsinger, 54 F.Supp. 38, 43 (M.D.Pa.1981); Nunez v. Drug Enforcement Administration, 497 F.Supp. 209, 211 (S.D.N.Y.1980).